Thomas G. VOLLMER, Peggy R. Pospesh-il, Mary Kennah, Phillip Ingram, Albert E. Dix, Steve Mallia, Michelle Collins, Barbara Buchanan, H. Duane Kundert, and Dr. Robert Rosenthal, Individually and On Behalf of All Others Similarly Situated, Plaintiffs,

v.

PUBLISHERS CLEARING HOUSE and Campus Subscriptions, Inc., Defendants.

CIV. No. 99–434–GPM.

United States District Court, S.D. Illinois.

Oct. 6, 1999.

Barry R. Himmelstein, Lieff, Cabraser, Heimann & Bernstein, LLP, San Francisco, CA.

Lynde Selden, II, Selden Law Firm, San Diego, CA.

Richard Herbert Rosenthal, Carmel Valley, CA.

### MEMORANDUM AND ORDER

MURPHY, District Judge.

### I. BACKGROUND.

This matter came before the Court on various pleadings filed by attorneys for Frederick J. Hawk, Michael Hoy, and Timothy Watkins. Hawk, Hoy, and Watkins seek to intervene in this class action pursuant to

Federal Rule of Civil Procedure 24. The Court held a hearing on October 4, 1999, at which time each of the proposed intervenors testified. On October 5, 1999, counsel for the proposed intervenors, the class, and the defendants presented arguments to the Court on the issue of intervention, and proposed findings of fact and conclusions of law were submitted as had been previously ordered.

## II. FINDINGS OF FACT.

In light of the testimony received, the exhibits offered, and the documents reviewed by the Court, the Court makes the following findings of fact:

1. The proposed intervenors are members of the class which has been .......... in this action.

2. None of the proposed intervenors has made a decision whether to opt out of the class or to remain in the class and object to the proposed settlement.

3. The proposed intervenors have failed to show that the class representatives in this action are inadequate.

4. The proposed intervenors have failed to show that class counsel has inadequately represented the class in this action.

5. The proposed intervenors have failed to persuade the Court that they have any legitimate objection to the proposed settlement between the class and the defendants.

6. The proposed intervenors were put forward by counsel for the purpose of interfering with and delaying the administration of justice.

7. The proposed intervenors .......... between the class and the defendants was in any way collusive.

8. The proposed intervenors have received more than adequate information to decide whether to opt out of the class or to remain in the class and file objections to the proposed settlement.

9. Counsel for the proposed intervenors did not appropriately investigate their clients' claims .......... with this Court. Specifically, the Court finds that the pleadings filed on behalf on the proposed intervenors were filed for the unnecessary purpose of causing delay and needless increase in the cost of this litigation.

## III. CONCLUSIONS OF LAW.

In light of the foregoing, the Court makes the following conclusions of law:

1. In order to have a right to intervene, a potential intervenor must (1) make a timely application, (2) have an interest relating to the subject matter of the action, (2) be at risk that his or her interest will be impaired, and (4) lack adequate representation by the existing parties. *See Nissei Sangyo America, Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir.1994). The Court finds that intervention of right is not appropriate pursuant to Federal Rule of Civil Procedure 24(a) because the proposed intervenors' interests are adequately represented by existing parties.

2. Permissive intervention is not appropriate pursuant to Federal Rule of Civil Procedure 24(b) because intervention will unduly delay and prejudice the adjudication of the rights of the original parties. FED. R. CIV. P. 24(b).

3. The proposed intervenors are not entitled to discovery in order to conclude whether to opt out, participate in, and/or object to the proposed settlement. *Mars Steel Corp. v. Continental Illinois National Bank and Trust Co. of Chicago*, 834 F.2d 677, 684 (7th Cir.1987). While the conduct of negotiations is relevant to the fairness of the settlement, *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1123–1124 (7th Cir.1979), the proposed intervenors are not entitled to discovery at this stage.

4. Although counsel for the class requested the imposition of sanctions pursuant to 28 U.S.C. § 1927, the Court finds that

sanctions are more appropriate pursuant to Federal Rule of Civil Procedure 11. Counsel's request for sanctions fails to meet the procedural requirements of Federal Rule of Civil Procedure 11(c)(1)(A) because the request for sanctions was not made in a separate motion, and counsel did not allow counsel for the proposed intervenors 21 days to withdraw their pleadings. In light of the timing of when the pleadings were filed by the proposed intervenors, however, the Court finds that compliance with Rule 11(c)(1)(A) was impossible. Nonetheless, having heard the testimony of the witnesses and having reviewed the exhibits and pleadings, the Court finds that sanctions pursuant to Federal Rule of Civil Procedure 11(c)(1)(B) are appropriate because of the factual findings set forth above. Accordingly, the proposed intervenors and their counsel must show cause why they have not violated Federal Rule of Civil Procedure 11(b).

## IV. CONCLUSION.

Accordingly, **IT IS HEREBY ORDERED** that Proposed Intervenor Hawk's petition to intervene for limited purpose of viewing document depository (Doc. 44) is **DENIED**; the joinder to petition to intervene for limited purpose of viewing document depository filed by Hoy and Watkins is **DENIED**; Proposed Intervenor Hawk's notice of motion and motion for order permitting intervention of Frederick L. Hawk is **DENIED**; Proposed Intervenor Hawk's motion to intervene is **DENIED**; Proposed Intervenor Hawk's expedited motion to permit objector Frederick L. Hawk to submit document requests and interrogatories to class counsel is **DENIED**, Proposed Intervenor Hawk's expedited motion to continue opt out date, date to file claim form, and fairness hearing dates is **DENIED**; and the complaint in intervention is **STRICKEN**. These rulings are made without prejudice to the proposed intervenors raising objections to the proposed settlement in accordance with the notice to the class. Finally, a **SHOW CAUSE HEARING** is hereby scheduled to begin at 8 **a.m. on Friday, October 15, 1999.** Hawk, Hoy, Watkins, and their counsel are **ORDERED** to appear at that time and **SHOW CAUSE** why they have not violated Federal Rule of Civil Procedure 11(b).

**IT IS SO ORDERED.**